# EXHIBIT A

**KEARNEY & ASSOCIATES, P.C.**
*By: John B. Kearney, Esquire*
*Attorney I.D. #: 039061983*
**210 White Horse Pike**
**Haddon Heights, NJ 08035**
**(856)-547-7733**
**Attorney for Plaintiff**

| | |
|---|---|
| WELCOME HOTEL GROUP LLC and EDISON HOLDING NJ LLC | SUPERIOR COURT OF NEW JERSEY MERCER COUNTY – LAW DIVISION |
| Plaintiff(s) | DOCKET NO. |
| v. | Civil Action |
| LEXINGTON INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON AND ASPEN SPECIALTY INSURANCE COMPANY | COMPLAINT & JURY DEMAND |
| Defendant(s) | |

Plaintiffs, Welcome Hotel Group and Edison Holdings NJ LLC, located in Mercer County, New Jersey by way of complaint against the defendant Lexington Insurance Company, certain underwriters at Lloyd's of London and Aspen Specialty Insurance Company states:

## FACTUAL BACKGROUND

1. Plaintiff owns and operated a hotel located on 1 West Lafayette Street in Trenton, New Jersey.

2. In connection with the operation of said business plaintiff obtained a policy of insurance from defendant Lexington Insurance Company, Certain Underwriters at Lloyd's of London and Aspen Specialty Insurance Company ("Insurers") which plaintiff believed would cover any and all losses that might occur at plaintiff property.

3. During the Summer of 2017 due to repairs to underground pipes the private utility company stopped proving services to the property, but recommended Powerhouse as a temporary boiler provider. Powerhouse was later hired.

4. Subsequently, the Fire Marshall shut down operations for code violations. Hotel operations were stopped, and work was started to comply with the First Marshall with an expected re-opening to happen in late January.

5. On January 4th, 2018, it was discovered that due to a system failure with the temporary boiler pipes were frozen which lead to water damage on the property.

6. Notice was immediately given to the defendants

7. The claims process began and the defendants requested documentation in order to conduct

their investigation.

8. Reams of documents were supplied to defendant's agents, sufficient to make any necessary determination.
9. Everything that plaintiffs had in defendant's request were provided to defendant's agents.
10. Defendant's counsel issued a letter dated September 23rd, 2019 in which they denied plaintiff's insurance loss claim.
11. In said letter the defendant articulated multiple grounds and policy violations as a cause for denial of the claim.
12. In fact, none of the alleged reasons for said denial are valid.
13. The documentation supplied to defendant's agents was sufficient for any reasonable carrier to make any necessary determination concerning the claim.
14. Any claim of deficiency in the responses to defendant's document demands were pre-factual.

## COUNT I – BREACH OF CONTRACT

15. The acts of the defendant as aforesaid constitute a breach of its contract with the plaintiffs entitle the plaintiff to all coverages provided by said contract as well as damages incurred by the plaintiff due to defendant's delay in making a decision as well as that being the wrong decision.

**WHEREFORE** plaintiff demand judgment against the defendant for such sums as will properly compensate them in accordance with the laws of the State of New Jersey.

## COUNT III – GOOD FAITH

16. The acts of the defendant as aforesaid constitute a violation of the covenant of good faith and fair dealing implicit in every contract in New Jersey, entitling, plaintiffs to an award of damages.
17. Defendant stated in their letter of denial, that there was a lack of cooperation by the plaintiff in aiding with the defendant's investigation. However, the plaintiff provided and communicated with defendant about the difficulties of producing certain records as well as the circumstances surround the claim and in fact provided defendant's agents with all available information, which information was sufficient to make any determination.
18. The plaintiff was reasonably responsive and acted reasonable to aid in the investigation.

**WHEREFORE** plaintiff demands judgment against the defendant for damages, punitive damages, attorney fees, interests and cost in accordance with the laws of the State of New

Jersey.

### COUNT III – Fraud

19. The acts of the defendant as aforesaid, in presenting a denial justification that was fraudulent constitutes common-law fraud.

    **WHEREFORE** the plaintiffs demand judgment against the defendants for such sums as will reasonably compensate them in accordance with the laws of the State of New Jersey plus punitive damages, attorney fees, interests cost of suit.

### COUNT IV – Consumer Fraud

20. The acts of the defendant as aforesaid constitute an unconscionable business practice in violation of NJSA 56:8-2 et seq.

    **WHEREFORE** the plaintiffs demand judgment against the defendants for such sums as will reasonably compensate them in accordance with the laws of the State of New Jersey plus terrible damages, interest, attorney fees and cost of suit.

### COUNY V – TCCWNA

21. The acts of the defendants as aforesaid constitute a violation of the New Jersey Truth and Consumer Contract Warranty and Notice Act, NJSA 56:12-14 et seq. (hereafter TCCWNA), in that it is a violation of the law for a consumer contract to contain a provision which violates any clearly established right of a consumer.

22. The plaintiffs had a clearly established right to receive the benefit of the bargain they made in the execution of the contract with the defendant and the defendant's basis for denial of plaintiff's claim based upon its interpretation of the contract language allows defendants to violate plaintiffs clearly established right to payment under the policy.

    **WHEREFORE** plaintiff's demand judgment against the defendants for statutory damages, attorney fees, costs of suit and interest.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, to the best of my knowledge. I further certify that I am aware of no other party who should be joined in this matter at this time.

KEARNEY & ASSOCIATES, P.C.

_____
JOHN B. KEARNEY, ESQUIRE

## JURY DEMAND

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

KEARNEY & ASSOCIATES, P.C.

_____
JOHN B. KEARNEY, ESQUIRE

# Civil Case Information Statement

**Case Details: MERCER | Civil Part Docket# L-000471-20**

**Case Caption:** WELCOME HOTEL GROUP  LLC  VS LEXINGTON INSURANCE
**Case Initiation Date:** 03/04/2020
**Attorney Name:** JOHN B KEARNEY
**Firm Name:** KEARNEY AND ASSOCIATES PC
**Address:** 210 WHITE HORSE PIKE
HADDON HEIGHTS NJ 08035
**Phone:** 8565477733
**Name of Party:** PLAINTIFF : Welcome Hotel Group LLC
**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Are sexual abuse claims alleged?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** YES

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/04/2020
Dated

/s/ JOHN B KEARNEY
Signed