UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

WELCOME HOTEL GROUP LLC AND
EDISON HOLDING NJ, LLC,

                Plaintiffs,

v.

LEXINGTON INSURANCE COMPANY,
CERTAIN UNDERWRITERS AT LLOYD'S
OF LONDON AND ASPEN SPECIALTY
INSURANCE COMPANY,

                Defendants.

Civ. Action No. 20-6151 (FLW)

**ORDER**

**THIS MATTER** having been opened to the Court upon a motion for summary judgment by Adam P. Stark, Esq., counsel for defendants Lexington Insurance Company, Certain Underwriters at Lloyd's of London, and Aspen Specialty Insurance Company (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 56(a); it appearing that plaintiffs Welcome Hotel Group, LLC and Edison Holding NJ, LLC (collectively, "Plaintiffs"), through their counsel, John B. Kearney, Esq., oppose the motion; the Court, having considered the submissions of the parties and having held oral argument on June 24, 2021, makes the following findings:

1. Plaintiffs initially filed this insurance coverage action in the Superior Court of New Jersey, Law Division, Mercer County, against Defendants, seeking coverage for losses sustained as a result of water damage to a hotel Plaintiffs operated in Trenton, New Jersey (the "Covered Property"). The Complaint alleges breach of contract, breach of the covenant of good faith and fair dealing, common-law fraud, unconscionable business practices in violation of the Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-2, and violations of the

1

|   |   |
|---|---|
|   | New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. § 56:12-14 *et seq*. On May 20, 2020, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441, based on the diversity of citizenship of the parties. Without conducting discovery, Defendants filed the present Motion for Summary Judgment on November 25, 2020, arguing that Plaintiffs failed to satisfy a condition precedent under the insurance contract, thereby precluding coverage. ECF No. 9. Defendants' motion seeks to dismiss the "Complaint," ECF No. 9 at 2, but the filings appear to address only Plaintiffs' claim for breach of contract, and not the claims for breach of the covenant of good faith and fair dealing, common-law fraud, or violations of the CFA or TCCWNA. Plaintiffs filed a Brief in Opposition on January 5, 2021, ECF No. 13, and Defendants filed a Reply on January 12, 2021, which—again—only addresses Plaintiffs' breach of contract claim. ECF No. 14. |
| 2. | As required by Local Civil Rule 56.1(a), Defendants filed a Statement of Undisputed Material Facts with their motion for summary judgment. ECF No. 9-25, Def. SOMF. However, in opposing the Motion, Plaintiffs failed to file a responsive statement of material facts disputing any facts set forth in Defendants' statement. Pursuant to Local Civil Rule 56.1(a), "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." Thus, for purposes of the present Motion, the facts submitted in Defendants' Statement of Material Facts are deemed admitted and undisputed by Plaintiffs. *See Liberty Bell Bank v. Rogers*, 726 Fed. App'x 147, 150-51 (3d Cir. 2018) (concluding that "[b]ecause [the non-movant] neglected to file a responsive statement of material facts, the District Court was entitled to deem the statement of facts as admitted," and citing only to the undisputed facts in the background section of the opinion). |

3. Defendants issued insurance policies (the "Policies") to an entity Plaintiffs control that cover potential damage to the Covered Property. Def. SOMF ¶¶1-2. The Policies contain "Loss Conditions" that specify the insured's duties in the event of loss or damage. Def. SOMF ¶4. The Loss Conditions require the insured to, *inter alia*, provide prompt notice and a description of the loss, take reasonable steps to protect the Covered Property from further damage, record any expenses associated with the loss, permit Defendants to inspect the insured's books and records, and cooperate with Defendants during their investigation of the insurance claim. *Id.* The Loss Conditions also provide that the insurer "may examine any insured under oath . . . at such times as may be reasonably required." *Id.* A separate section of the Policies provides that "No one may bring a legal action against [Defendants] under this Coverage Part unless . . . (1) There has been full compliance with" the Loss Conditions (the "Legal Action Against Us" provision). Def. SOMF ¶5.

4. Plaintiffs discovered the water damage at the Covered Property on January 4, 2018, and reported the damage in March 2018. Def. SOMF ¶¶1, 6-7. Defendants began investigating Plaintiffs' insurance claim shortly thereafter and, as part of their investigation, Defendants requested documents and information from Plaintiffs pursuant to the Loss Conditions. Plaintiffs produced certain responsive documents, Def. SOMF ¶14, and, on May 1, 2019, Defendants held an Examination Under Oath of Plaintiffs' representative, Mashkoor Ahmad. Def. SOMF ¶18. At the examination, Defendants requested that Plaintiffs produce additional documents and information, including: a list of employees who worked at the Covered Property since 2015; contact information for hotel employees Khozam Kharawala and Gomes I.; 2016, 2017, and 2018 tax returns for the entity that controlled the Covered Property; and complete copies of all documents related to violations at the Covered Property, including those that Plaintiffs had produced previously, which were

3

   missing a substantial number of pages. Def. SOMF ¶¶32-37, 40.

5.  Defendants' counsel then followed up with Plaintiffs four times—on May 16, 2019, June 6, 2019, July 2, 2019, and July 18, 2019—reiterating Defendants' document request. Def. SOMF ¶¶19-22. Plaintiffs did not respond until after Defendants sent their fourth follow-up request, at which point Plaintiffs' counsel notified Defendants that the documents were forthcoming. Def. SOMF ¶23. However, Defendants still had not received any documents by August 19, 2019, and as such, Defendants advised Plaintiffs that they would deny the claim if Plaintiffs did not produce the requested documents within fifteen business days. Def. SOMF ¶24. Plaintiffs did not comply, and on September 23, 2019, Defendants denied coverage for the damage at the Covered Property. Def. SOMF ¶¶25-26.

6.  Plaintiffs responded to Defendants' September 23 denial letter on October 1, 2019. Def. SOMF ¶29. The response noted for the first time that Mr. Ahmad had been hospitalized for "an extensive period of time" and that he was "presently in a rehabilitation facility," but Plaintiffs did not explain the delay in notifying Defendants of Mr. Ahmad's hospitalization. Def. SOMF ¶30. It appears Mr. Ahmad has since passed away.

7.  Plaintiffs also provided certain documents in response to Defendants' May 16, 2019, request, Def. SOMF ¶29, but in many instances the documents were either duplicative of materials Plaintiffs had already produced or were otherwise incomplete. Def. SOMF ¶¶31-40. For example, Defendants had requested a list of employees who worked at the hotel since 2015, but Plaintiffs only provided payroll documents identifying employees working at the hotel from July 2017 through August 2018, which Plaintiffs had already produced, and Plaintiffs noted that the remaining documents would be forthcoming, but they were never sent. Def. SOMF ¶¶32-33. Likewise, Plaintiffs failed to provide additional information related to violations issued against the Covered Property; instead, Plaintiffs

sent copies of the documents related to violations that they produced previously, which again were missing a substantial number of pages. Def. SOMF ¶35. Whereas Defendants requested "[c]opies of all documents relating to work performed by [a restoration company], including contracts, invoices and evidence of payment," Plaintiffs provided only an estimate, which was a copy of the document Plaintiffs had produced previously. Def. SOMF ¶38. Plaintiffs also failed to provide contact information for hotel employee Gomes I., or tax returns covering 2016 through 2018. Def. SOMF ¶¶34, 40. Due to these omissions, Defendants advised Plaintiffs' counsel that they would not reconsider their denial of coverage. Def. SOMF ¶41. Plaintiffs then filed the instant action on March 4, 2020.

8. Because Plaintiffs failed to file a responsive statement of material facts and Defendants failed to explicitly address all of Plaintiffs' claims in their Motion for Summary Judgment, the Court held oral argument on June 24, 2021, in order to clarify the parties' positions. At oral argument, Defendants' counsel acknowledged that the Motion did not explicitly address four of Plaintiffs' five claims, arguing that the Legal Action Against Us provision precludes any suit against Defendants when an insured fails to comply with the Loss Conditions. However, as the Court stated at oral argument, Defendants' counsel did not explain why the Legal Action Against Us provision precludes suits based on causes of action beyond breach of contract.

9. The Court also questioned Plaintiffs' counsel regarding the adequacy of Plaintiffs' productions. Counsel represented that Plaintiffs provided all the documentation in Plaintiffs' possession during Defendants' investigation. However, Plaintiffs' counsel also acknowledged that, through the exercise of due diligence, Plaintiffs may be able to access certain additional documents, including by submitting requests to third parties (*e.g.*,

        Plaintiffs' counsel acknowledged that he did not review in detail records Plaintiffs had produced from the City of Trenton documenting past violations at the Covered Property, which were missing a substantial number of pages). Further, Plaintiffs' counsel represented that Plaintiffs could provide additional context to Defendants surrounding relevant documents in Plaintiffs' possession (*e.g.*, even though Defendants had requested all documentation related to repairs conducted at the covered property—in response to which Plaintiffs provided only an estimate—Plaintiffs' counsel acknowledged at oral argument that no repairs were ever conducted and that Plaintiffs only paid for the clean-up associated with the water damage, the invoice for which Plaintiffs still have not provided).

10. Based on the background submitted in Defendants' Statement of Material Facts as well as at oral argument, it is clear to the Court that although Plaintiffs have provided some information to Defendants, Plaintiffs have plainly failed to make an adequate production, as required under the Loss Conditions. Defendants were diligent in following up with Plaintiffs, on multiple occasions, seeking the information requested at Mr. Ahmad's Examination Under Oath. However, Plaintiffs repeatedly failed to respond to those requests. On the other hand, it is also clear, based on the parties' representations at oral argument, that Plaintiffs could conceivably provide additional information to Defendants in order to facilitate Defendants' investigation of the insurance claim.

11. In that regard—taking into consideration that Plaintiffs initiated this action—the Court finds that Plaintiffs' Complaint is premature, and that Plaintiffs failed to exhaust all available means of obtaining the information Defendants requested pursuant to the Loss Conditions. Moreover, because Defendants failed to adequately move for summary judgment against four of Plaintiffs' five claims, the Court finds that it is improper to grant

summary judgment in favor of Defendants at this stage of the dispute.[*]

Under these particular circumstances, and in the interests of equity, the Court will deny Defendants' Motion for Summary Judgment, but in the alternative, the Court dismisses Plaintiffs' Complaint without prejudice. If Plaintiffs are able to obtain the documentation Defendants have requested, and the parties are thereafter unable to resolve Plaintiffs' insurance claim, Plaintiffs may, if they deem it merited, file a separate complaint seeking to recover under their insurance contract.

Accordingly, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 25th day of June, 2021,

**ORDERED** that Defendants' Motion for Summary Judgment is **DENIED;** and it is further

**ORDERED** that Plaintiffs' Complaint is dismissed, without prejudice.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge

---

[*] At oral argument, defense counsel indicated that there may be additional grounds for denial of the claim that were not presently before the Court. Accordingly, this Order is directed only to the basis for denial that is extant, *i.e.*, failure to cooperate.